# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | | |
|---|---|---|
| MISTY LACY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 3:18cv00062-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Misty Lacy, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff was thirty-nine years old at the time of the administrative hearing. (Tr. 47.) She testified she completed the eleventh grade in school. (*Id.*) The Administrative Law Judge (ALJ) determined she has no past relevant work. (Tr. 33.)

The ALJ[1] first found Ms. Lacy had not engaged in substantial gainful activity from the alleged onset date of March 3, 2015. (Tr. 25.) She has "severe" impairments in the form of degenerative disc disease, bilateral carpal tunnel syndrome, right shoulder bursitis, fibromyalgia, and a seizure disorder. (*Id.*) The ALJ further found Ms. Lacy did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 28-29.)

The ALJ determined Ms. Lacy had the residual functional capacity to perform a reduced range of light work. (Tr. 29.) Because Plaintiff has no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 56-59.) Based on a set of hypothetical questions posed to the vocational expert, the ALJ concluded Plaintiff could perform the jobs of cashier and cafeteria attendant. (Tr. 34.) Accordingly, the ALJ determined Ms. Lacy was not disabled. (*Id.*)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Plaintiff argues this case should be remanded because the ALJ incorrectly determined she had no "severe" mental impairment. (Doc. No. 11 at 25-26.) Specifically, Ms. Lacy argues the ALJ failed to acknowledge the severity of her anxiety and post-traumatic stress disorders. (*Id.* at 3-4.)

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). A non-severe impairment is defined as:

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

After careful review of the record, I find the Commissioner's decision must be remanded for further development of the record. Although the Commissioner correctly points out some good reasons to support the ALJ's determination[3] (Doc. No. 12 at 5-7), there is substantial evidence

---

[3] Especially her non-compliance with treatment. (Tr. 889.)

supporting Plaintiff's position that her mental impairments are "severe." (Tr. 48, 63, 64, 237, 405, 525, 816, 181, 822, 836, 841, 842.)

The ALJ correctly noted Ms. Lacy was not being treated at the time of his decision, but Ms. Lacy testified she is unable to drive because of her "nervousness" (Tr. 48), and her doctors have noted that she appears overtly "nervous/anxious." (Tr. 10, 64, 818.) Furthermore, in addressing this "severity" argument in other cases, I have routinely sided with the Commissioner where the Plaintiff did not allege a mental impairment when applying for benefits. Here, however, Plaintiff identified PTSD, depression, and panic disorder as disabling impairments when applying for benefits. (Tr. 237.)

I also agree with Plaintiff's argument regarding her involvement in church. (Doc. No. 11 at 26.) It appears her church involvement was more therapeutic than indicative of her ability to perform work activities.

Accordingly, I find the Commissioner should reconsider whether Ms. Lacy's mental impairments are "severe." A consultative psychological examination would be helpful to develop the record in this regard.

Counsel for both sides has admirably represented their respective sides in this case. But I find this case must be remanded on this point. I also realize that the Commissioner may still deny benefits after proper analysis, but proper analysis is required. *Groeper v. Sullivan*, 932 F.2d 1234, 1239 (8th Cir. 1991).

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and any pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 10th day of September, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE